OPINION
Plaintiff-appellant Randy Stanley appeals from the dismissal of his complaint. Stanley contends that the trial court erred when it found that the complaint was barred by the statute of limitations. Defendants-appellees Phillip Ayers and Alonzo Wilson predicated their motion to dismiss both upon the running of the statute of limitations, and upon their immunity, as municipal officers, pursuant to R.C. 2744.03. The trial court predicated its decision solely upon the running of the statute of limitations.
We find it easier to decide the municipal immunity issue. We conclude, as Ayers and Wilson argued in their motion to dismiss, that they are immune from liability for actions in the performance of their duties as police officers unless their acts or omissions rise to the level of willful and wanton misconduct. Stanley's complaint alleges negligence, merely. Accordingly, Ayers and Wilson are immune from liability, and the trial court properly dismissed Stanley's complaint. The judgment of the trial court is Affirmed.
 I
On or about June 14, 1998, Stanley beat the woman he was living with, who was the mother of his children. As the result of the beating, Stanley was charged with Attempted Murder and Felonious Assault. A jury convicted him of Felonious Assault, but acquitted him of Attempted Murder. Stanley brings this action against Xenia police officers Phillip Ayers and Alonzo Wilson. His complaint is worth setting forth in full:
 1. On June 14-15 1998, on public streets called N. Detroit and Alemeda Dr. in Xenia Ohio, Defendants negligently failed to apprehend and detain plaintiff, and to prevent/halt the commision [sic] of an offense by plaintiff, failed to file charges upon request of plaintiff, and failed to follow policies and procedures pertaining to O.R.C. 2935.03.2. Defendants being reasonable men should have recognized these acts as involving an unreasonable risk of causing an invasion of anothers interists [sic], and the necessary protection of the plaintiff and others, in which the defendants were under a duty to do.
 2. As a result, the plaintiff suffered expenses, punitive damages and other damages that excede [sic] $25,000.00. PLAINTIFFS injuries is ongoing [sic].
 WHEREFORE, Plaintiff demands judgement against the defendant in a sum that excedes [sic] $25,000.00 and costs.
It appears, in other words, that Stanley, having committed a Felonious Assault against his live-in girlfriend, is seeking to recover damages against Ayers and Wilson upon the theory that they negligently failed to prevent him from committing the offense. Stanley has proceeded pro se in this action. It occurs to us that if this action were ever tried to a jury, Stanley might have difficulty persuading the jury, as required by R.C. 2315.19(A)(2), that his tortious conduct was not greater than that of Ayers and Wilson, but that is not our present concern.
Officers Ayers and Wilson moved to dismiss the complaint, arguing both that it was barred by the applicable statute of limitations, and that they are immune from suit pursuant to R.C. 2744.03(A)(6). The trial court granted the motion to dismiss, based solely upon the statute of limitations defense.
From the dismissal of his complaint, Stanley appeals.
 II
Stanley sets forth four assignments of error, as follows:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DISMISSED THE APPELLANT'S COMPLAINT BASED ON THE CONTENTION THAT THE STATUTE OF LIMITATIONS HAD RUN.
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FINDING THAT THE APPELLANTS INCARCERATION DID NOT TOLL THE STATUTE OF LIMITATIONS.
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT APPLIED OHIO LAW TO DETERMINE WHEN THE CAUSE OF ACTION ACCRUED IN A CIVIL SUIT AGAINST LAW ENFORCEMENT OFFICIALS.
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO LOOK CLOSELY ENOUGH TO THE RECORD TO SEE THAT THERE WERE GENUINE MATERIAL FACTUAL DISPUTES, AND DENIED THE PRO-SE PLAINTIFF A FAIR OPPORTUNITY TO BE HEARD.
Stanley predicates all four assignments of error upon the proposition that the trial court erred by dismissing his complaint upon the ground that it was time-barred. Stanley makes two arguments in support of this proposition. First, he argues that his injury, apparently being his incarceration for having committed the offense that Ayers and Wilson should have prevented him from committing, is continuing, so that the statute of limitations has not begun to run. We agree with Ayers and Wilson, however, that once a victim of tortious conduct has sustained some injury, the statute of limitations begins to run, so long as the tortious conduct is complete. Otherwise, a seriously injured victim of an alleged tort would never be subject to a statute of limitations, as long as the pain, suffering or disability were to continue.
In the case before us, the allegedly tortious conduct of Ayers and Wilson, being their failure to have prevented Stanley from assaulting his girlfriend, was complete once the assault occurred. The assault having occurred, it could no longer be prevented by Ayers and Wilson.
Stanley recognizes that Ohio law provides for the tolling of the running of the statute of limitations where the alleged tortfeasor is incarcerated, but does not provide for the tolling of the statute of limitations where the alleged tort victim is incarcerated, at least where the incarceration occurs after the cause of action accrues. Stanley makes an intriguing argument that this dichotomy is sufficiently arbitrary to violate the Equal Protection clause. We find it unnecessary to address this argument, however. Ayers and Wilson predicated their motion to dismiss, in the alternative, upon RC 2744.03(A)(6) which provides, in pertinent part as follows:
 In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or section 3746.24 of the Revised Code, the [municipal] employee is immune from liability unless one of the following applies:
 (a) His acts or omissions were manifestly outside the scope of his employment or official responsibility;
 (b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 (c) Liability is expressly imposed upon the employee by a section of the revised code.
The above-quoted language is the version of the statute in effect before the enactment, in 1996, of Am.Sub. H.B. No. 350 (the Tort Reform Act), which was held to be unconstitutional in State ex rel. Ohio Academyof Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451.
Obviously, the acts or omissions of Ayers and Wilson were within the scope of their official responsibilities. Stanley has not asserted any section of the Revised Code that would impose liability. Accordingly, Ayers and Wilson are entitled to the immunity provided by R.C.2744.03(A)(6), unless their acts or omissions were "with malicious purpose, in bad faith, or in a wanton or reckless manner."
Stanley's entire complaint is quoted in Part I, above. It sounds merely in negligence, setting forth no allegation of malicious purpose, bad faith, wantonness or recklessness. Accordingly, Ayers and Wilson's motion to dismiss was well-taken, and the trial court properly dismissed the action.
In his reply brief, Stanley argues that the immunity provided topolitical subdivisions in R.C. 2744.03(A)(2) is subject to the phrase, "other than negligent conduct," so that negligent conduct is excluded from the scope of the immunity. Stanley's cause of action is not against a political subdivision; it names in the complaint two police officers — employees of a political subdivision. They are asserting immunity under R.C. 2744.03(A)(6), not (A)(2), which applies to political subdivisions. The exceptions to immunity from liability for employees of a political subdivision are as set forth above, and do not include an exception for merely negligent acts.
Finally, Stanley asserts in his reply brief that the trial court should have given him additional time to conduct discovery and possibly thereafter amend his complaint to state a valid cause of action against officers Ayers and Wilson. This is not the subject of an assignment of error. Furthermore, Stanley never moved in the trial court for additional time, while the motion to dismiss was pending, to conduct discovery and possibly thereafter amend his complaint. After Ayers and Wilson had filed their reply memorandum in support of their motion to dismiss, Stanley filed a responsive memorandum, in which he argued that he should have time to conduct discovery and possibly to amend his complaint. As Ayers and Wilson correctly pointed out in their motion to strike Stanley's responsive memorandum, there is no provision in Rule 24 of the Local Rules of the Greene County Common Pleas Court for a response to a reply memorandum. In the meantime, the trial court had granted Ayers and Wilson's motion to dismiss the complaint. We find no ruling in the record on their motion to strike Stanley's response to their reply memorandum, possibly because the trial court had already dismissed the complaint, mooting the motion to strike.
Stanley never moved in the trial court for additional time to conduct discovery and possibly thereafter to amend his complaint. His only reference to that possibility was in his superfluous response to Ayers and Wilson's reply memorandum, which the trial court properly ignored. Even if Stanley had so moved in the trial court, we would not find that the trial court abused its discretion by denying Stanley's request to go on a "fishing expedition" to see if he could find evidence of wilful and wanton misconduct, for which he evidently had no basis for an allegation, and which would seem inherently unlikely, based upon our understanding of the facts gleaned from the record.
All four of Stanley's assignments of error are overruled.
 III
All of Stanley's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and YOUNG, J., concur.